**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALLEN SIMMS, on his own behalf and others
similarly situated,

                    Plaintiff,

-vs-                                                                      Case No.  2:10-cv-751-FtM-29SPC

KELLAR'S KORNER, INC., a Florida profit
corporation, doing business as 7-11 #34154,

                    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This matter comes before the Court on Plaintiff's Motion to Approve the Settlement

Agreement submitted under seal (Doc. S-1) filed on April 11, 2011.

        This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.*

The Parties have reached a settlement agreement and seek court approval of that agreement. In

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh

Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness."

        A settlement has been reached in a bona fide good faith dispute and this Court finds it is fair

and reasonable. The settlement was a compromise of the original claim reached between the parties

including attorney's fees and costs. The parties filed the settlement paperwork, under seal, and they

-1-

have agreed to the confidentiality of the specific terms of the settlement agreement. Therefore, although the Court has reviewed the terms and condition, this Court will not address the specifics in its Report and Recommendation.

The Defendant's first payment to Plaintiff and first payment of attorney's fees, as it is designated by the sealed settlement agreement, shall be made no later than **June 30, 2011**. The second payment as designated in the agreement shall be made no later than **July 30, 2011**. The third payment shall be made no later than **August 30, 2011**, and the fourth payment shall be made no later than **September 30, 2011**.

The Plaintiffs agree the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with Counsel. The attorney's fees to be paid as part of the resolution of Plaintiffs' claims were agreed upon by the parties separately and without regard to the amount paid to Plaintiffs. The settlement appears to be reasonable on its face and the Plaintiffs' recovery does not appear to be adversely affected by the amount of the fees paid to the attorney, in accordance with <u>Bonetti v. Embarq. Mgmt. Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 2009).[1] Therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, it is now

**RECOMMENDED:**

Plaintiff's Motion to Approve the Settlement Agreement submitted under Seal (Doc. S-1) should be **APPROVED** by the District Court, with the following payment deadlines,

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.

(1)     Defendant's first payment to Plaintiff and first payment of attorney's fees, as designated in the agreement, should both be made no later than **June 30, 2011**.

(2)     Defendant's second payment as designated in the agreement should be made no later than **July 30, 2011**.

(3)     Defendant's third payment as designated in the agreement should be made no later than **August 30, 2011**.

(4)     Defendant's fourth payment as designated in the agreement should be made no later than **September 30, 2011.**

It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.


**Respectfully recommended** at Fort Myers, Florida, this ___16th_____ day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record